**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Ricardo Marquez-Dominguez,
Petitioner,
v.
Eric Rokosky, et al.,
Respondents.

No. CV-26-07179-PHX-EJM

**ORDER**

Petitioner filed this action under 28 U.S.C. § 2241 on October 2, 2026, challenging his immigration detention. (Doc. 1.) Pursuant to General Order 26-09, the Court electronically served the Petition on Respondents and issued the Standard Scheduling Order, which required Respondents to respond to the Petition within seven days. (Docs. 3, 4.) Respondents' response deadline was October 9, 2026, but no response was filed.

Because Respondents failed to respond to Petitioner's arguments that his due process rights were violated by his previous bond hearings, the Court finds the defense waived. *See N-E-M-B v. Wamsley*, CV-25-00989-SI, 2025 WL 3527111, at *7 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition."); *Soleimani v. LaRose*, CV-25-03082-DMS-DEB, 2025 WL 3268412, at *3 (S.D. Cal. Nov. 24, 2025) (granting petition because "[b]y failing to respond to the claims actually asserted, Respondents have conceded the claims"); *cf. Jenkins v. Cnty. of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) ("Jenkins abandoned her other

two claims by not raising them in opposition to the County's motion for summary judgment.").

The Petition will therefore be granted, and a bond hearing will be ordered. Due to Petitioner's contentions regarding his previous bond hearing, at the new bond hearing, Respondents must bear the burden of proving by clear and convincing evidence that Petitioner is a danger or a flight risk. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1213 (9th Cir. 2022) (Although placing the burden of proof on the noncitizen at a § 1226(a) bond hearing is facially constitutional, individualized circumstances may require additional procedures in a particular case.); *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1243 (D.N.M. 2025); *Singh v. Holder*, 638 F.3d 1196, 1203-05 (9th Cir. 2011), *abrogated in part on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018).

**IT IS THEREFORE ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is granted to the extent it seeks a bond redetermination hearing. The Petition is otherwise denied.

**IT IS FURTHER ORDERED** that Respondents must provide Petitioner a bond redetermination hearing that complies with the procedural requirements set out in *Singh*, 638 F.3d at 1203-05, at which Respondents bear the burden of proof by clear and convincing evidence, within seven (7) days of the date of this order, or release Petitioner from custody.

**IT IS FURTHER ORDERED** that Respondents must provide a notice of compliance within three (3) days of releasing Petitioner or providing him a bond hearing. If applicable, that notice must include the result of the bond hearing.

**IT IS FURTHER ORDERED** the Clerk of Court must immediately transmit by email a copy of this Order to the United States Attorney for the District of Arizona, to the attention of Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, Dina Anagnopoulos at Dina.Anagnopoulos@usdoj.gov, and Mary Finlon at Mary.Finlon@usdoj.gov.

**IT IS FURTHER ORDERED** any pending motions are denied as moot. The Clerk of Court shall enter judgment in Petitioner's favor and close this case.

Dated this 16th day of November, 2026.

Eric J. Markovich
United States Magistrate Judge